AO 243 (Rev. 5/85)  MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

3:05 CV-499-J-32 MMH

# United States District Court

District  
MIDDLE DISTRICT OF FLORIDA/JACKSONVILLE

Name of Movant: ALGIE MOORE

Prisoner No. 30003-018

Case No. 3:02-cr-233(S12-J-32TEM) MMH

Place of Confinement: FCC-Coleman, Medium P.O. Box 1032 - Unit C-1, Coleman, FL 33521-1032

UNITED STATES OF AMERICA     V.     ALGIE MOORE
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S. District Court for the Middle District of Florida/Jacksonville Division__

2. Date of judgment of conviction __February 14, 2003__

3. Length of sentence _____

4. Nature of offense involved (all counts) __Possession of cocaine base with intent to distribute, Possession of a firearm by felon, possession of firearm in relation to a drug trafficking crime.__

5. What was your plea? (Check one)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☒
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____
    _____

    (3) Grounds raised _____
    _____
    _____
    _____
    _____
    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐ No ☐

    (5) Result _____

    (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____
    _____

    (3) Grounds raised _____
    _____
    _____
    _____
    _____

Since count four, §924(c), states "cocaine or possession of cocaine" which is not a count in petitioner's indictment, count four falls prey to being insufficient because petitioner never was indicted, tried, or convicted on a cocaine count.

Accordingly, petitioner's count four §924(c), conviction must be vacated and petitioner should be re-sentenced without the §924(c) conviction.

II. PETITIONER IS INNOCENT OF COUNT FOUR, §924(c)(1), BECAUSE IT WAS PERMISED UPON "COUNT ONE AND TWO OF THE INDICTMENT" THUS, ONCE PETITIONER WAS ACQUITTED OF COUNT ONE, PETITIONER COULD NEVER BE CONVICTED OR SENTENCED ON COUNT FOUR.

This issue cannot be opposed in any manner. The indictment in count four, §924(c)(1), set the stage for this argument. The blunt error that occurred in count four requires the court to read the language in count four painstakenly.

### Count Four

On or about August 30, 2002, in Duval County, Florida, in the Middle District of Florida,

Algie Moore,

> the defendant herein, did knowingly use, carry or possess a firearm, that is, a Jennings .22 caliber pistol, serial no. 097791, during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of cocaine or possession with intent to distribute as charged in counts <u>one and two</u> of this indictment... (emphasis added).

The error is this issue came to light when petitioner was acquitted of count one by the jury. The language in count four requires petitioner to be found guilty of "counts one and two" of the indictment to enable count four, §924(c)(1), to be applicable in this case. This is so because once the government used the conjunction "and" petitioner had to be found guilty of "count one and two" to receive the §924(c)(1) conviction and sentence.

3

Normally, the government would not indict a defendant the way that petitioner was indicted. Unfortunately, for the government, whatever wording they chose to use to indict they have set the stage. The government must be satisfied with the limits of its own creation. United States v. Weissman, 899 F.2d 1111 (11th Cir. 1990).

The problem arose in this case once the jury came back with a not guilty verdict on count one. This act by the jury was the crushing blow to the government that forbid petitioner to be convicted or sentenced on count four.

Hence, petitioner requests that this court vacate count four and sentence him anew.

    III. TRIAL AND APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO
         ARGUE INLIGHT OF APPRENDI THE "CAREER OFFENDER" PROVISION AND
         THE SENTENCING GUIDELINES WAS UNCONSTITUTIONAL UNDER THE
         SIXTH AMENDMENT AND SHOULD HAVE HELD TO BE ADVISORY INSTEAD
         OF MANDATORY.

Petitioner asserts that his trial and appellant counsels provided ineffective assistance of counsel by failing to make a Sixth amendment challenge to the sentencing guidelines inlight of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). See also United States v. Booker, ___U.S.___, 125 S. Ct. 2348 (2005); United States v. Shelton, ___F.3d___ (11th Cir. Feb. 25, 2005)(holding that the recent Supreme Court's decision in Booker mandates inlight of Apprendi the sentencing guidelines are advisory and not mandatory).

In Booker, relying on the previous holdings in Apprendi, the Supreme Court excised the two parts of the Sentencing Reform Act that rendered the mandatory guidelines system unconstitutional: the part in 18 U.S.C. §3553(b)(1) making the guidelines result in binding on the sentencing court; and the part in §3742(e) requiring de novo review of sentences on appeal. Booker, 125 S.Ct.

4

at 764. In doing so, the Supreme Court stated that "[w]ith these two sections excised (and statutory cross-references to the two sections consequently invalidated), the remainder of the Act satisfies the Court's constitutional requirements. Id.

Moreover, in a recent decision, the Eleventh Circuit Court of Appeals has reached the same conclusion in that Booker error exists when the district court misapplies the guidelines by considering them as binding as oppossed to advisory. See United States v. Shelton, ___F.3d___ (11th Cir. Feb. 25, 2005). Applying the plain error standard, the court held that to satisfy the third prong of the plain error test in demonstrating that a defendant's substantial rights were effected. A defendant sentenced pre-Booker faces difficulty in establishing that a mandatory, as opposed to an advisory, guidelines scheme actually affected the outcome of the proceedings. The court held that to establish the third prong takes something more than showing the district court sentenced within the guidelines range and felt bound to do so, where given the guideline range remains an important factor in sentencing.

However, in this case as in Shelton, petitioner asserts that he can also establish such a heavy burden and also demonstrate that his counsel was ineffective where the district court in sentencing petitioner expressed that the sentence being imposed on petitioner was too severe and had it not been for the mandatory sentencing guideline scheme the court would have imposed a far less sentence, at the following colloquy:

> The additional comments that I will make are that there are some factors in this case that, if the guidelines provided or the law provides any discretion with the court in this matter, the court might avail itself of that discretion to ameliorate the harshness of this sentence. Those factors include the fact that some of the crimes are being

5

used to drive the career offender calculation, and the
government's enhancement, which were filed separately,
were committed while Mr. Moore was a juvenile.

(See Sentencing Transcripts, at pgs. 22 - 25).

It is evident taken the above colloquy, that the district court would have considered a more lenient sentence had the appropriate argument been put before the district court. Although it may be argued that such argument inlight of Apprendi would not have prevailed inlight of the Eleventh Circuit prior precedent, however, the Eleventh Circuit has held such argument in the negative, where the court found that because the court's may not accept a certain argument because of a prior decision ruling in the negative, that does not excuse a defendant from arguing such issue to preserve it. See United States v. Levy, 391 F.3d 1327, 1333 (11th Cir. 2004)("holding that a litigant is never precluded from raising an issue simply because a previous appeal has been decided that rejects a particular argument") citing Engle v. Isaac, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982)("Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid").

### A. Appellate Counsel

As demonstrated above, appellate counsel also provided ineffective assistance of counsel in not arguing on appeal that inlight of Apprendi, the career offender provision and the sentencing guidelines were unconstitutional in violation of the Sixth amendment. Although the Eleventh Circuit had not accepted such argument at the time of petitioner's appeal, such reasons did not excuse counsel from preserving the issue. Levy, supra, 1333; citing United States v. Reese, 382 F.3d 1308 (11th Cir. 2004)(Despite circuit precendent to the contrary defendant preserved his Apprendi type arguments to his federal

6

sentencing enhancements in the district court).

Therefore, from the facts presented, this court should find that trial and appellate counsel provided ineffective assistance that prejudiced the petitioner, because had it not been for counsel's errors, petitioner could have received a far less sentence. See Glover v. United States, 2001 WL 15331 (Jan. 9, 2000)("holding that any increased prison term resulting from counsel's failure to raise proper challenge at the sentencing is prejudice to a defendant under Strickland v. Washington, 466 U.S. 668 (1984)").

IV. COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A §851(e) HEARING FOR THE POSSESSION OF COCAINE IN CASE 99-8945, IN WHICH PETITIONER IS INNOCENT AND BECAUSE OF SEVERAL CONSTITUTIONAL VIOLATIONS.

Counsel provided ineffective assistance in this case where counsel failed to contest the validity of petitioner's possession of cocaine case, No. 99-8945, pursuant to §851(e). It has been well established that a convicted defendant may challenge the validy of a prior conviction used to enhance a defendant's sentence pursuant to §851(a)(1), as long as the prior conviction was obtained within five years of the date of the information alleging such conviction. Where §851(e) provides in pertinent part:

> (e) Statue of Limitations
>
> No person sho stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occured more than five years before the date of the information alleging such prior conviction.

In this case there is no doubt that petitioner's prior conviction of possession of cocaine that was used to enhance his sentence pursuant to §851, falls within this five year limitation of §851(3). See United States v. Mikell, 102 F.3d 470, 477 (11th Cir. 1996)("holding that remand was warranted to allow defendant to attack the constitutionality of his prior conviction used to enhance his sentence pursuant to §851").

7

Petitioner asserts that his prior conviction of possession of cocaine in Case No. 99-8945-CF was constitutionally invalid for several reasons: (1) the conviction is invalid because the State did not follow the correct procedures in waiving petitioner over as an adult. At the time the offense was committed in Case No. 99-8945-CF, petitioner was only 17 years old; (2) petitioner's prior conviction was also invalid where petitioner could have demonstrated with compelling evidence that he did not actually possess any cocaine, but was just a mere passenger of a vehicle which had already obtained cocaine upon petitioner's entrance of the vehicle. Petitioner was nothing more than getting a ride from the wrong individual at the wrong time. (See affidavit attached).

In short, from the facts presented it is the assertion of petitioner that this court should find that counsel was ineffective and absent counsel's errors petitioner would have received a far less mandatory minimum sentence, without the use of the invalid prior conviction used to enhance petitioner's sentence pursuant to §851.

V. COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST THAT THE COURT-ROOM STAFF TESTIFY TO WHAT SHE HEARD AND SAW CONCERNING THE POLICE OFFICERS GETTING READY TO TESTIFY THAT WERE LISTENING TO ANOTHER OFFICER'S TESTIMONY.

In this case, counsel's representation was flawed where counsel failed to call the courtroom staff as a witness to testify to what she heard concerning the police officers that were getting ready to testify in petitioner's trial, that were listening to another officer testifying. Although once this issue was brought to the attention of the court, counsel cross-examined the police officers as to what was heard, counsel failed to call the key witness who sniffed out the officer's misconduct. Petitioner asserts that the courtroom staff witness could have produced compelling testimony that could have contradicted the police officer's testimony.

VI.  COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE CHAIN
    OF CUSTODY OF THE GUN AND DRUGS ALLEGEDLY FOUND IN THE CAR
    ON AUGUST 30TH.

In this case, counsel provided ineffective assistance where counsel failed to contest the introduction of an alleged handgun and cocaine found in defendant's car on August 30th. Counsel failed to argue that the government failed to produce any chain of custody of this evidence before allowing it in defendant's trial. It also should be noted that defendant has recently discovered that the automobile involved in this case, owned by the defendant, had previously belonged to a prior convicted felon and it could have been easily demonstrated that the alleged handgun could have been hidden in the vehicle prior to defendant purchasing the vehicle. Because counsel relieved the government of demonstrating that this evidence was actually in defendant's vehicle, by way of actual chain of custody, defendant was able to be convicted on evidence that was unlawfully submitted before the jury to consider.

WHEREFORE, for all the aforementioned reasons, petitioner's motion to vacate, set aside, or correct sentence, should be granted, and the petitioner's case be remanded for further review and after such review, re-sentencing, or in the very least, an evidentiary hearing granted, and for such other relief as justice deem just and proper in this premise.

Sworn to under penalty of perjury this
____day of April, 2005, and,              Respectfully Submitted,

                                          _____
                                          Algie Moore, Pro Se #30003-018
                                          FCC-Medium (C-1)
                                          P.O. Box 1032
                                          Coleman, FL 33521-1032