AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

2005 JUN 13 P 2: 03

| **United States District Court** | District  MIDDLE DISTRICT OF FLORIDA/JACKSONVILLE | | |
|---|---|---|---|
| Name of Movant  ALGIE MOORE | Prisoner No.  30003-018 | Case No.  3:02-cr-233(S1)-J-32TEM | |
| Place of Confinement  FCC-Coleman, Medium P.O. Box 1032 - Unit C-1, Coleman, FL 33521-1032 *3: 05cv 499* | | | |

| UNITED STATES OF AMERICA | V. | ALGIE MOORE |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S. District Court__ __for the Middle District of Florida/Jacksonville Division__

2. Date of judgment of conviction __February 14, 2003__

3. Length of sentence_____

4. Nature of offense involved (all counts) __Possession of cocaine base with intent to distribute,__ __Possession of a firearm by felon, possession of firearm in relation to a drug__ __trafficking crime.__

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

9. If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐ No ☐
(2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Petitioner is innocent of Count four §924(c)(1) because in Count two, he is not indicted for distribution of cocaine or possession of cocaine as set out in Count four.

Supporting FACTS (state *briefly* without citing cases or law) _____

See attached memorandum of law

_____

_____

_____

_____

_____

B. Ground two: Petitioner is innocent of Count four §924(c)(1) because it was permised upon "count one and two of the indictment" thus once petitioner was acquitted of count one, petitioner could never be convicted or sentenced on count four.

Supporting FACTS (state *briefly* without citing cases or law): _____

See attached memorandum of law

_____

_____

_____

_____

_____

C. Ground three: Counsel was ineffective for failing to argue in light of Apprendi that the career offender provision in the sentencing guidelines was unconstitutional under the 6th amendment and should have held to be advisory instead of mandatory. (see sentencing transcript.)

Supporting FACTS (state *briefly* without citing cases or law): _____

See attached memorandum of law

_____

D. Ground four: Counsel was ineffective for failing to request a §851(e) hearing for the possession of cocaine in case 99-8945 in which petitioner is innocent and because of several constitutional violations

See attached memorandum of law

_____

E. Ground five: Counsel was ineffective for failing to request that the courtroom staff testify to what she heard and saw concerning the police officers getting ready to testify that were listening to another officer's testimony.

~~See attached memorandum of law~~

D. Ground ~~Four:~~ Six: Counsel was ineffective for failing to challenge the chain of custody of the gun and drugs allegedly found in the car on August 30th.

Supporting FACTS (state *briefly* without citing cases or law): _____

See attached memorandum of law

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing _____

    (b) At arraignment and plea _____

    (c) At trial _____

    (d) At sentencing _____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☐        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐        No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

___5 - 25 - 05___
(Date)

_____
Signature of Movant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALGIE MOORE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No.
Criminal No. 3:02-cr-233(S1)-J-32TEM

_____/

## MEMORANDUM OF LAW IN SUPPORT OF §2255

    COMES NOW the petitioner, pro se, and hereby submits this memorandum of law, sworn to under penalty of perjury, in support of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.

    I.    PETITIONER IS INNOCENT OF COUNT 4 §924(c)(1) BECAAUSE IN COUNT TWO, HE IS NOT INDICTED FOR DISTRIBUTION OF COCAINE OR POSSES- SION OF COCAINE AS SET OUT IN COUNT 4.

This is an unusual issue that is clearly established through the indict- ment and jury instructions. Petitioner's position is simple: Count 4 of his indictment charged him with: On or about August 30, 2002, in Duval County, Florida, in the Middle District of Florida

Algie Moore,

> the defendant herein, did knowingly use, carry or possess a firearm, that is, a Jennings .22 caliber pistol, serial no. 097791, during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of <u>cocaine</u> or <u>possession of cocaine</u> with intent to distribute as charged in counts one and two of this indictment. (emphasis added).

Additionally, the jury was charged with the instructions:

> Count four charges that the defendant knowingly carried a fire- arm, namely a Jennings .22 caliber pistol, serial number 097791,

1

during and relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely distribution of <u>cocaine</u> or <u>possession of cocaine</u> with intent to distribute as charged in counts one and two of the indictment. See Volume IV of IV, page 56.

Now, turning to count two[1] of the indictment which states:

On or about August 30, 2002, in Duval County, Florida, in the Middle District of Florida,

Algie Moore,

the defendant herein, did knowingly, willfully, and intentionally possess with intent to distribute <u>cocaine base</u>, commonly known as "<u>crack cocaine</u>" a schedule II controlled substance.

Also, the jury instructions held:

Count two charges that the defendant knowingly, willfully, and intentionally possessed with intent to distribute <u>cocaine base</u> commonly known as crack cocaine.

The obvious error is that petitioner's count four §924(c), does not attach to count two, because count two charges petitioner with the intent to distribute "cocaine base, commonly known as crack cocaine." However, petitioner's count four §924(c), states during and relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of "cocaine or possession of cocaine."

With 21 U.S.C. §841 having different types of drugs, i.e. cocaine, cocaine base, heroin, and marijuana, there are subsections for each type of drug. For example, to be indicted for 5 kilograms of cocaine, the charge will read, 21 U.S.C. §841(a)(1) and §841(b)(1)(A)(ii). Furthermore, if the type of drug was insignificant there would have been no need for Congress to identify each type of drug and provide each one with a specific subsection under the 841 statute.

---

1    Petitioner only refers to count two because petitioner was acquitted of count one.

2

Since count four, §924(c), states "cocaine or possession of cocaine" which is not a count in petitioner's indictment, count four falls prey to being insufficient because petitioner never was indicted, tried, or convicted on a cocaine count.

Accordingly, petitioner's count four §924(c), conviction must be vacated and petitioner should be re-sentenced without the §924(c) conviction.

II.  PETITIONER IS INNOCENT OF COUNT FOUR, §924(c)(1), BECAUSE IT WAS PERMISED UPON "COUNT ONE AND TWO OF THE INDICIMENT" THUS, ONCE PETITIONER WAS ACQUITTED OF COUNT ONE, PETITIONER COULD NEVER BE CONVICTED OR SENTENCED ON COUNT FOUR.

This issue cannot be opposed in any manner. The indictment in count four, §924(c)(1), set the stage for this argument. The blunt error that occurred in count four requires the court to read the language in count four painstakenly.

Count Four

On or about August 30, 2002, in Duval County, Florida, in the Middle District of Florida,

Algie Moore,

the defendant herein, did knowingly use, carry or possess a firearm, that is, a Jennings .22 caliber pistol, serial no. 097791, during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of cocaine or possession with intent to distribute as charged in counts one and two of this indictment... (emphasis added).

The error is this issue came to light when petitioner was acquitted of count one by the jury. The language in count four requires petitioner to be found guilty of "counts one and two" of the indictment to enable count four, §924(c)(1), to be applicable in this case. This is so because once the government used the conjunction "and" petitioner had to be found guilty of "count one and two" to receive the §924(c)(1) conviction and sentence.

Normally, the government would not indict a defendant the way that petitioner was indicted. Unfortunately, for the government, whatever wording they chose to use to indict they have set the stage. The government must be satisfied with the limits of its own creation. United States v. Weissman, 899 F.2d 1111 (11th Cir. 1990).

The problem arose in this case once the jury came back with a not guilty verdict on count one. This act by the jury was the crushing blow to the government that forbid petitioner to be convicted or sentenced on count four.

Hence, petitioner requests that this court vacate count four and sentence him anew.

III. TRIAL AND APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE INLIGHT OF APPRENDI THE "CAREER OFFENDER" PROVISION AND THE SENTENCING GUIDELINES WAS UNCONSTITUTIONAL UNDER THE SIXTH AMENDMENT AND SHOULD HAVE HELD TO BE ADVISORY INSTEAD OF MANDATORY.

Petitioner asserts that his trial and appellant counsels provided ineffective assistance of counsel by failing to make a Sixth amendment challenge to the sentencing guidelines inlight of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). See also United States v. Booker, ___ U.S. ___, 125 S. Ct. 2348 (2005); United States v. Shelton, ___ F.3d ___ (11th Cir. Feb. 25, 2005)(holding that the recent Supreme Court's decision in Booker mandates inlight of Apprendi the sentencing guidelines are advisory and not mandatory).

In Booker, relying on the previous holdings in Apprendi, the Supreme Court excised the two parts of the Sentencing Reform Act that rendered the mandatory guidelines system unconstitutional: the part in 18 U.S.C. §3553(b)(1) making the guidelines result in binding on the sentencing court; and the part in §3742(e) requiring de novo review of sentences on appeal. Booker, 125 S.Ct.

4

at 764. In doing so, the Supreme Court stated that "[w]ith these two sections excised (and statutory cross-references to the two sections consequently invalidated), the remainder of the Act satisfies the Court's constitutional requirements. Id.

Moreover, in a recent decision, the Eleventh Circuit Court of Appeals has reached the same conclusion in that Booker error exists when the district court misapplies the guidelines by considering them as binding as opposed to advisory. See United States v. Shelton, ___F.3d___ (11th Cir. Feb. 25, 2005). Applying the plain error standard, the court held that to satisfy the third prong of the plain error test in demonstrating that a defendant's substantial rights were effected. A defendant sentenced pre-Booker faces difficulty in establishing that a mandatory, as opposed to an advisory, guidelines scheme actually affected the outcome of the proceedings. The court held that to establish the third prong takes something more than showing the district court sentenced within the guidelines range and felt bound to do so, where given the guideline range remains an important factor in sentencing.

However, in this case as in Shelton, petitioner asserts that he can also establish such a heavy burden and also demonstrate that his counsel was ineffective where the district court in sentencing petitioner expressed that the sentence being imposed on petitioner was too severe and had it not been for the mandatory sentencing guideline scheme the court would have imposed a far less sentence, at the following colloquy:

> The additional comments that I will make are that there are some factors in this case that, if the guidelines provided or the law provides any discretion with the court in this matter, the court might avail itself of that discretion to ameliorate the harshness of this sentence. Those factors include the fact that some of the crimes are being

5

used to drive the career offender calculation, and the government's enhancement, which were filed separately, were committed while Mr. Moore was a juvenile.

(See Sentencing Transcripts, at pgs. 22 - 25).

It is evident taken the above colloquy, that the district court would have considered a more lenient sentence had the appropriate argument been put before the district court. Although it may be argued that such argument inlight of Apprendi would not have prevailed inlight of the Eleventh Circuit prior precedent, however, the Eleventh Circuit has held such argument in the negative, where the court found that because the court's may not accept a certain argument because of a prior decision ruling in the negative, that does not excuse a defendant from arguing such issue to preserve it. See United States v. Levy, 391 F.3d 1327, 1333 (11th Cir. 2004)("holding that a litigant is never precluded from raising an issue simply because a previous appeal has been decided that rejects a particular argument") citing Engle v. Isaac, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982)("Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid").

A.    Appellate Counsel

As demonstrated above, appellate counsel also provided ineffective assistance of counsel in not arguing on appeal that inlight of Apprendi, the career offender provision and the sentencing guidelines were unconstitutional in violation of the Sixth amendment. Although the Eleventh Circuit had not accepted such argument at the time of petitioner's appeal, such reasons did not excuse counsel from preserving the issue. Levy, supra, 1333; citing United States v. Reese, 382 F.3d 1308 (11th Cir. 2004)(Despite circuit precendent to the contrary defendant preserved his Apprendi type arguments to his federal

6

sentencing enhancements in the district court).

Therefore, from the facts presented, this court should find that trial and appellate counsel provided ineffective assistance that prejudiced the petitioner, because had it not been for counsel's errors, petitioner could have received a far less sentence. See Glover v. United States, 2001 WL 15331 (Jan. 9, 2000)("holding that any increased prison term resulting from counsel's failure to raise proper challenge at the sentencing is prejudice to a defendant under Strickland v. Washington, 466 U.S. 668 (1984)").

IV. COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A §851(e) HEARING FOR THE POSSESSION OF COCAINE IN CASE 99-8945, IN WHICH PETITIONER IS INNOCENT AND BECAUSE OF SEVERAL CONSTITUTIONAL VIOLATIONS.

Counsel provided ineffective assistance in this case where counsel failed to contest the validity of petitioner's possession of cocaine case, No. 99-8945, pursuant to §851(e). It has been well established that a convicted defendant may challenge the validy of a prior conviction used to enhance a defendant's sentence pursuant to §851(a)(1), as long as the prior conviction was obtained within five years of the date of the information alleging such conviction. Where §851(e) provides in pertinent part:

> (e) Statue of Limitations
>
> No person sho stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occured more than five years before the date of the information alleging such prior conviction.

In this case there is no doubt that petitioner's prior conviction of possession of cocaine that was used to enhance his sentence pursuant to §851, falls within this five year limitation of §851(3). See United States v. Mikell, 102 F.3d 470, 477 (11th Cir. 1996)("holding that remand was warranted to allow defendant to attack the constitutionality of his prior conviction used to enhance his sentence pursuant to §851").

Petitioner asserts that his prior conviction of possession of cocaine in Case No. 99-8945-CF was constitutionally invalid for several reasons: (1) the conviction is invalid because the State did not follow the correct procedures in waiving petitioner over as an adult. At the time the offense was committed in Case No. 99-8945-CF, petitioner was only 17 years old; (2) petitioner's prior conviction was also invalid where petitioner could have demonstrated with compelling evidence that he did not actually possess any cocaine, but was just a mere passenger of a vehicle which had already obtained cocaine upon petitioner's entrance of the vehicle. Petitioner was nothing more than getting a ride from the wrong individual at the wrong time. (See affidavit attached).

In short, from the facts presented it is the assertion of petitioner that this court should find that counsel was ineffective and absent counsel's errors petitioner would have received a far less mandatory minimum sentence, without the use of the invalid prior conviction used to enhance petitioner's sentence pursuant to §851.

V.   COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST THAT THE COURT-
     ROOM STAFF TESTIFY TO WHAT SHE HEARD AND SAW CONCERNING THE
     POLICE OFFICERS GETTING READY TO TESTIFY THAT WERE LISTENING
     TO ANOTHER OFFICER'S TESTIMONY.

In this case, counsel's representation was flawed where counsel failed to call the courtroom staff as a witness to testify to what she heard concerning the police officers that were getting ready to testify in petitioner's trial, that were listening to another officer testifying. Although once this issue was brought to the attention of the court, counsel cross-examined the police officers as to what was heard, counsel failed to call the key witness who sniffed out the officer's misconduct. Petitioner asserts that the courtroom staff witness could have produced compelling testimony that could have contradicted the police officer's testimony.

## VI. COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE CHAIN OF CUSTODY OF THE GUN AND DRUGS ALLEGEDLY FOUND IN THE CAR ON AUGUST 30TH.

In this case, counsel provided ineffective assistance where counsel failed to contest the introduction of an alleged handgun and cocaine found in defendant's car on August 30th. Counsel failed to produce any chain of custody of this evidence before allowing it in defendant's trial. It also should be noted that defendant has recently discovered that the automible involved in this case, owned by the defendant, had previously belonged to a prior convicted felon and it could have easily demonstrated that the alleged handgun could have been hidden in the vehicle prior to the defendant purchasing the vehicle. Because counsel relieved the government of demonstrating that this evidence was actually in defendant's vehicle, by way of actual chain of custody, defendant was able to be convicted on evidence that was unlawfully submitted before the jury to consider.

Wherefore, for all the aforementioned reasons, petitioner's motion to vacate, set aside, or correct sentence, should be granted, and the petitioner's case be remanded for further review and after such review, re-sentencing, or in the very least, an evidentiary hearing granted, and for such other relief as justice deem just and proper in this premise.

Sworn to under penalty of perjury this
<u>8th</u> day of April, 2005, and

Respectfully Submitted,

*Algie Moore*

Algie Moore, Pro Se
Reg. No. 30003-018
FCC- Coleman (Med)
P.O. BOX 1032
Coleman, Florida 33521

9