UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALGIE MOORE,
    Petitioner,

v.                        Case No. 3:05-cv-499-J-32MMH

UNITED STATES OF AMERICA,
    Respondent.

**UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, the Rules Governing Section 2255 Proceedings, and this Court's June 20, 2005, order, the United States responds in opposition to petitioner's motion to vacate, set aside, or correct sentence as follows:

## I. STATEMENT OF THE CASE AND FACTS

1.    On December 4, 2002, a federal grand jury returned a superseding indictment charging Moore with distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (1) and (b)(1)(C) (Count One), possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a) (1) and (b)(1)(C) (Count Two), possession of a firearm affecting commerce after having been previously convicted of a crime punishable by imprisonment for a term

exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three), and use, carrying, or possessing a firearm during and in relation to and in furtherance of "a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of cocaine or possession of cocaine with intent to distribute as charged in Counts One and Two of this Indictment, which counts are incorporated by reference herein, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), [a]ll in violation of Title 18, United States Code, Section 924(c)(1)" (Count Four). Doc. 14.[1]

    2.    The responsible Assistant United States Attorney filed an information, pursuant to 21 U.S.C. § 851, notifying Moore of the increased statutory penalty applicable to Moore because of his prior state conviction for possession of cocaine in 2000. Doc. 22.

    3.    A jury found Moore not guilty of Count One and guilty of Counts Two, Three, and Four. Doc. 71 at 72.

---

[1]"Doc." refers to the criminal docket in United States v. Moore, 3:02-cr-233-J-32.

4. On May 29, 2003, this Court sentenced Moore pursuant to the Sentencing Reform Act of 1984 ("Sentencing Act") as a career offender. Doc. 66 at 20-24, 32.

5. Moore appealed, challenging the sufficiency of the evidence to support the convictions under Counts Two, Three, and Four of the Indictment and contending that the trial court had abused its discretion by allowing the government to reopen its case to present a stipulation as to one of the elements of the offense in Count Three. United States v. Moore, No. 03-12974 (11th Cir. Mar. 1, 2004) (unpublished opinion). Doc. 84.

6. On March 1, 2004, the United States Court of Appeals for the Eleventh Circuit affirmed Moore's conviction. Id. Moore did not petition the United States Supreme Court for writ of certiorari, and the time for him to do so expired on May 30, 2004, see S. Ct. R. 13.

7. Although Moore submitted a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 docketed on June 1, 2005, Doc. 85, this Court on June 3, 2005, ordered that motion, which was neither dated nor signed, to remain unfiled, and ordered Moore to filed an amended motion that was signed

and dated. Cv. Doc. 2.[2]  Despite the fact that this Court did not order Moore to file the amended motion until June 3, Moore submitted an amended motion, docketed June 13, 2005, Doc. 3, that he had signed and dated "05-25-05." Doc. 86.

## II.  MEMORANDUM OF LAW

### A.  TIMELINESS

Moore's conviction became final on May 30, 2004, when the time for seeking certiorari review expired, see S. Ct. R. 13, and, therefore, he had until May 30, 2005, to file his section 2255 motion.  See 28 U.S.C. § 2255 unnumbered paragraph 6; Clay v. United States, 537 U.S. 522, 525 (2003) (judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction).  Moore's motion is timely if, but only if, this Court (1) accepts Moore's dating of his amended motion "5-25-05" as true (despite the submission of the amended motion after the June 3, 2005, order requiring it) and (2) infers from the dating "5-25-05" that Moore delivered his motion to

---

[2]"Cv. Doc." refers to the civil docket in Moore v. United States, 3:05-cv-00499-TJC-MMH.

prison authorities for filing on that date or no later than May 30, 2005(despite the same suspicious circumstance).  See 28 U.S.C. § 2255 unnumbered paragraph 6 at (1); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the mailbox rule, a motion to vacate is filed on the date it is signed, executed, and delivered to prison authorities for mailing).  Timely or not, Moore's amended motion does not demonstrate that he is entitled to relief on any of his claims.

### B. MOORE'S CLAIMS FOR RELIEF

In his section 2255 motion, Moore raises six grounds for relief, and he sets forth his arguments in a memorandum attached to his motion.  In ground one, Moore contends that the language in Count Four of the Indictment ("a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of cocaine or possession of cocaine with intent to distribute as charged in Counts One and Two of this Indictment, which counts are incorporated by reference herein, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), [a]ll in violation of Title 18, United States Code, Section 924(c)(1)") somehow requires this court to invalidate his conviction on Count Four because the word "base" was left out of

Count Four (Moore was charged in Counts One and Two with distribution and possession with intent to distribute cocaine base. Doc. 14.) In ground two, Moore contends he could not be convicted of Count Four because the jury found him not guilty of Count One.

In grounds three through six, Moore contends that he received ineffective assistance of counsel. In ground three, Moore contends counsel was ineffective for failing to challenge the constitutionality of the career offender guideline. Next, in ground four, Moore contends that counsel was ineffective for his failure to challenge the validity of Moore's prior state conviction for possession of cocaine. In ground five, Moore contends counsel was ineffective for failing to require court staff to testify concerning a violation of the rule of sequestration. Finally, Moore contends counsel was ineffective for failing to challenge the admissibility of the firearm and drugs during Moore's trial.

### C. DISCUSSION OF GROUNDS ONE AND TWO

Moore procedurally defaulted his first two grounds for relief. Courts have consistently held that a collateral challenge may not be a surrogate for a direct appeal. See Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.) (citing United States v. Frady, 456 U.S. 152, 165 (1982)), cert. denied,

125 S. Ct. 167 (2204). To obtain collateral relief from trial errors when no contemporaneous objection was made, Moore must show both "cause" excusing his double procedural default, and "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982). Moore fails to even assert cause to excuse the double procedural default. Consequently, this Court need not proceed to access whether he has demonstrated prejudice.

Moreover, Moore's first two grounds for relief are not cognizable on collateral review. The only complaints cognizable on collateral review are complaints that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law[] or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Whatever is cognizable as "otherwise subject to collateral attack," mere error is not enough. Houser v. United States, 508 F.2d 509, 512 (8th Cir. 1974) (citing Kyle v. United States, 297 F.2d 507, 511, n.1 (2nd Cir. 1961)). Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on

collateral attack. E.g., United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962). Moore's grounds one and two do not rise to this level.

Thus, this Court should not reach the merits of Moore's first two grounds for relief. In any event, they are frivolous. As to Moore's first argument, Count Four incorporated Counts One and Two by reference and therefore, satisfied the requirements of Fed. R. Crim. P. 7(c)(1).[3] As to Moore's second argument, consistency of verdicts is not required; thus, the guilty verdict on Count Four stands. See United States v. Odom, 252 F.3d 1289, 1298 (11th Cir. 2001); United States v. Mitchell, 146 F.3d 1338, 1344 (11th Cir. 1998). (The verdict on Count Four was consistent with the verdict on Count Two anyway.)

---

[3]Fed. R. Crim. P. 7(c) provides, "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . A count may incorporate by reference an allegation made in another count."

## D. DISCUSSION OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS (GROUNDS THREE THROUGH SIX)

Moore's four remaining grounds to set aside or vacate his sentence are ineffective assistance of counsel claims. Ineffective assistance of counsel claims are cognizable in section 2255 motions and, if demonstrated, ineffective assistance of counsel can supply cause and prejudice to excuse procedural default. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003). Moore, however, has failed to demonstrate ineffective assistance of counsel.

Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was "outside the wide range of professionally competent assistance." Id. at 690. Furthermore, "[t]he burden of

persuasion is on a Petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). This burden of persuasion, though not insurmountable, is a heavy one. Id. at 1314. "'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." Id. (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168, 186 (1986)).

Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold a lawyer's

strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Id. at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

First, Moore contends counsel was ineffective for his failure to challenge the constitutionality of the career offender guideline pursuant to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), in which the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Moreover, Moore contends in his attached memorandum that counsel was ineffective for failure to anticipate and argue the holding in United States v. Booker, 125 S. Ct. 738, 764, n.8 (2005), in which the Supreme Court severed 18 U.S.C. § 3553(b)(1) from the Sentencing Act, rendering the application of the guidelines advisory rather than mandatory. Apprendi was inapplicable because the sentence Moore received resulted from his prior convictions, Doc. 66 at 20-24, and did not result from a finding of any fact that increased the penalty beyond the prescribed statutory maximum. Counsel cannot have been ineffective for failing to anticipate Booker, which did

11

not become the law until January 12, 2005.  See Davis v. Singletary, 119 F.3d 1471, 1476 (11th Cir. 1997); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994); Pitts v. Cook, 923 F.2d 1568, 1572-74 (11th Cir. 1991); Thompson v. Wainwright, 787 F.2d 1447, 1459 n. 8 (11th Cir. 1986).

Next, Moore contends that counsel was ineffective for failure to challenge his prior state conviction for possession of cocaine.  Moore argues in his memorandum at page 8 that counsel should have collaterally attacked his prior conviction on the following two grounds:  "the State did not follow the correct procedures in waving petitioner over as an adult[]" and he "could have demonstrated by compelling evidence that he did not actually possess any cocaine . . . ."  Although 21 U.S.C. § 851(c) would have permitted Moore to challenge the validity of his prior conviction before sentencing, Moore's assertions establish no basis upon which his counsel should have challenged his prior conviction.  The conviction was not invalid or obtained in violation of Moore's constitutional rights even if his assertions are true.  Moore's first argument is merely failure to comply with an unspecified procedural requirement, and treatment as a juvenile is not an inherent right but one granted

by the state legislature, which the legislature may restrict or qualify that right as it sees fit, see Woodard v. Wainwright, 556 F.2d 781, 785 (5th Cir. 1977). Moore's second argument–suggesting that counsel should have requested a mini-trial on the prior state conviction–is particularly absurd because Moore, with the assistance of counsel, pled guilty to his prior state offense. Doc. 22; PSR ¶ 41.

In ground five, Moore contends counsel was ineffective for failing to call the Court's staff member to testify regarding whether the trial witnesses were talking about their testimony in violation of the rule of sequestration. The record demonstrates that all of the witnesses accused of violating the rule of sequestration were questioned by the Court and denied the accusation. Doc. 68 at 271-76. Counsel was not ineffective for failing to pursue the matter further.

Finally, Moore contends that counsel was ineffective for his failure to challenge the admissibility of the firearm and drugs into evidence. Counsel's opening statement, however, told the jurors that Moore's theory of defense was (1) that law enforcement witnesses were biased against Moore and, therefore, lacked credibility and (2) that the government's case was not strong because no witnesses would testify that Moore ever sold drugs or physically touched the

firearm or drugs found in the car. Doc. 68 at 153-59. Counsel's opening statement showed that the strategy was not to challenge the admissibility of the drugs and firearm but to challenge the credibility of the witnesses and the overall strength of the case.

The standard for counsel's performance is "reasonableness under prevailing professional norms." See Chandler, 218 F.3d. at 1313. Furthermore, the burden of persuasion is on Moore to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. Id. (citing Strickland, 104 S. Ct. at 2064). Whether or not Moore is satisfied with the strategy employed by his attorney is of no consequence as long as the strategy employed was a reasonable one. See United States v. Cronic, 466 U.S. 648, 657, n.21. Counsel had a reasonable theory of defense and therefore, was not an ineffective advocate for Moore.

### E. NEED FOR AN EVIDENTIARY HEARING

Moore is not entitled to an evidentiary hearing. Moore has the burden of establishing the need for an evidentiary hearing, see Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish his right to collateral

relief, see Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit. See United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

Moore has not established any basis for an evidentiary hearing because the issues he raises are frivolous and facially insufficient to merit relief.

THEREFORE, Moore's section 2255 motion should be denied.

          Respectfully submitted,

          PAUL I. PEREZ
          United States Attorney

          TAMRA PHIPPS
          Assistant United States Attorney
          Chief, Appellate Division

      By:   *s/ Sandra W. Deisler*
            SANDRA W. DEISLER
            Assistant United States Attorney
            Appellate Division
            Florida Bar No. 0934232
            501 West Church Street, Suite 300
            Orlando, Florida 32805
            Telephone: (407) 648-7500
            Facsimile: (407) 648-7643
            E-mail: sandra.w.deisler@usdoj.gov

DATE: September 21, 2005

Algie Moore v. United States  Case No. 3:05-cv-499-J-32MMH

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

N/A

I hereby certify that on September 21, 2005, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participant:

Algie Moore
No. 30003-018
FCC Coleman, Unit C-1
Post Office Box 1032
Coleman, Florida 33521-1032

Petitioner, pro se

*s/ Sandra W. Deisler*
SANDRA W. DEISLER
Assistant United States Attorney
Appellate Division
Florida Bar No. 0934232
501 West Church Street, Suite 300
Orlando, Florida 32805
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: sandra.w.deisler@usdoj.gov