UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALGIE MOORE,

        Petitioner,

v.                               CASE NO.:   3:05-cv-499-J-32HTS
                                                          3:02-cr-233-J-32HTS

UNITED STATES OF AMERICA,

        Respondent.

_____/

## PETITIONER'S SUPPLEMENTAL MEMORANDUM

Petitioner, Algie Moore, through the undersigned counsel, files this supplemental memorandum in addition to and in further support of his claims for relief in the amended section 2255 motion filed on June 13, 2005, stating as follows:

### I.   TIMELINESS OF FILING

Petitioner timely filed his section 2255 motion by submitting his signed and dated motion to prison authorities within the one-year limitation period for filing the motion under AEDPA.  (The limitation period begins to run from the "date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.)  Petitioner relies upon the "mailbox rule" to support his timely filing.  Under the mailbox rule, a *pro se* prisoner's section 2255 motion will be deemed filed on the date that the prisoner delivers the motion to prison authorities for mailing.  Houston v.

Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  In determining whether a prisoner gave his section 2255 motion to prison authorities "the burden is on the prison authorities to prove the date a prisoner delivered his documents to be mailed." Washington, 243 F.3d at 1301.  Proof can consist of various means, such as, prison logs and inmate postage records.  Washington, 243 F.3d at 1301.  Absent evidence to the contrary, a prisoner's *pro se* section 2255 motion will be treated as having been delivered to prison officials on the date that the prisoner signed it.  Washington, 243 F.3d at 1301.

Application of these authorities establishes that the petitioner's section 2255 motion was filed timely.  In this regard, the underlying judgment of conviction became final on May 30, 2004, which was 90 days after the United States Court of Appeals for the Eleventh Circuit issued its opinion affirming the judgment (March 1, 2004).  (The 90 days is the time in which a petition for writ of certiorari may be filed in the United States Supreme Court.)  Therefore, the time for filing the section 2255 motion did not expire until May 31, 2005.  The record shows that initially, an unsigned and section 2255 motion bearing the date of "____ day of April, 2005" was filed on June 1, 2005.  *Doc. 1*.  Thereafter, a signed and dated amended section 2255 motion was filed on June 13, 2005.  *Doc. 3*.  The amended motion is identical in all respects with the initial motion, except that it is signed

2

and the number 8 appears in the blank next to the words "day of April, 2005." *Id.* Thus, the date appearing on the amended motion is April 8, 2005. *Id.* Further, the petitioner has stated in his Reply to the government's response that the signed and dated motion had been submitted to prison authorities on April 8, 2005, prior to the expiration of the deadline for filing. <u>See</u> *Reply (Doc. 12 at 3)*. The United States has proffered no evidence whatsoever to refute that the petitioner's signed and dated motion was submitted to the prison authorities as the petitioner has stated. The government merely suggests that the circumstances are suspicious. <u>See</u> *Doc. 9 at 4-5*. The government's observation does not constitute evidence. Therefore, in the absence of evidence to the contrary, petitioner's section 2255 motion must be treated as having been delivered to prison officials on the date that the petitioner signed it. <u>Washington</u>, 243 F.3d at 1301.

## II.   SUPPLEMENTAL CLAIMS

Petitioner was denied effective assistance of counsel on appeal because petitioner's appellate counsel failed to raise Claims I and II of petitioner's amended motion on appeal. But for the appellate counsel's ineffectiveness, petitioner's conviction on Count Four would have been reversed.

To establish a claim of ineffective assistance of counsel, a petitioner must show: (1) his counsel's performance fell below an objective standard of reasonable professional assistance; and (2) there is a reasonable probability that the outcome

3

would have been different but for his lawyer's unprofessional errors. <u>Strickland v. Washington</u>, 466 U.S. 668; <u>Grossman v. McDonough</u>, 466 F.3d 1325, 1344 (11th Cir. 2006). An ineffective assistance of appellate counsel claim is considered under the same two-part test announced in <u>Strickland v. Washington</u>. <u>Grubbs v. Singletary</u>, 120 F.3d 1174, 1175 (11th Cir. 1997).

As for the first Claim, it was objectively unreasonable for petitioner's counsel to forego raising on appeal that the evidence was insufficient to support the conviction on Count Four (for carrying a firearm during and in relation to a drug trafficking crime) because the predicate offenses alleged in Count Four, distribution of cocaine and possession of cocaine with intent to distribute, were not proven. At worst, the evidence concerning the only predicate offense for which the petitioner was convicted (Count Two) showed possession with intent to distribute a different drug– crack. Further, due to the failure to raise the issue, petitioner's conviction on Count Four was affirmed despite the lack of proof. Therefore, petitioner is entitled to vacation of the conviction and sentence on Count Four.

As for the second Claim, it was objectively unreasonable for petitioner's counsel to forego raising on appeal that the evidence was insufficient to support the conviction on Count Four (for carrying a firearm during and in relation to a drug trafficking crime) because the predicate offenses alleged in Count Four,

4

distribution of cocaine and possession of cocaine with intent to distribute as charged in Counts one and two of the indictment were not proved.  In this regard, the language of count four of the indictment charged that the firearm was carried in relation to both crimes charged in counts one and two, but the jury acquitted the petitioner of count one.  Because the indictment charged that the firearm was carried in relation to the crimes charged in counts one and two, the government was required to prove the commission of both predicate crimes.  The government failed in its proof because the jury acquitted on count one.  Thus, due to the failure to raise the issue, petitioner's conviction on Count Four was affirmed despite the lack of proof.  Therefore, petitioner is entitled to vacation of the conviction and sentence on Count Four.

      Respectfully submitted on this the 21st day of May, 2008.

                                              s/ Charles L. Truncale
                                              CHARLES L. TRUNCALE
                                              Fla. Bar No.: 0786381
                                              LAW OFFICE OF
                                              CHARLES L. TRUNCALE, P.A.
                                              12058 San Jose Blvd., Suite 602
                                              Jacksonville, FL 32223
                                              Telephone:   (904) 262-1664
                                              Facsimile:   (904) 208-5051
                                              E-mail: ctruncale@aug.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2008, I electronically filed the foregoing with the clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Sandra W. Deisler, Assistant United States Attorney, 501 West Church Street, Suite 300, Tampa, FL 32805.

s/ Charles L. Truncale
CHARLES L. TRUNCALE
Fla. Bar No.: 0786381