**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALGIE MOORE

                Petitioner,

vs.                                    Case No.   3:05-cv-499-J-32HTS
                                                      3:02-cr-233-J-32MMH

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**[1]

This case is before the Court on Petitioner Algie Moore's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 3)[2], the Government's Response (Doc. 9), Petitioner's Reply (Doc. 12) and Petitioner's Court ordered supplemental response, provided through Court appointed counsel. (Doc. 26.) Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

**I. Background**

On December 4, 2002, a federal grand jury returned a superseding

---

   [1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

   [2] Citations to Moore's criminal case file, 3:02-cr-233-J-32MMH, are denoted as "Crim. Doc. ____." Citations to Moore's civil § 2255 case file, 3:05-cv-499-J-32HTS, are denoted as "Doc. ____."

indictment charging Petitioner with distribution of cocaine base (Count One), possession of cocaine base with intent to distribute (Count Two), possession of a firearm affecting interstate commerce after being previously convicted of a felony (Count Three) and using, carrying or possessing a firearm during and in relation to and in furtherance of "a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of cocaine or possession of cocaine with intent to distribute as charged in Counts One and Two of this Indictment, which counts are incorporate by reference herein." (Count Four). (Crim. Doc. 14.) After a jury trial, Petitioner was acquitted of Count One and convicted of Counts Two, Three and Four. (Crim. Doc. 48.) On May 29, 2003, Petitioner was sentenced as a career offender to 322 months of imprisonment followed by six years of supervised release. (Crim. Doc. 55.)

Petitioner timely appealed, and on March 1, 2004, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. (Crim. Doc. 84.)

After submitting an unsigned and undated petition that was rejected by the Court, this petition, dated May 25, 2005, was docketed on June 13, 2005. (Doc. 3.) The government has raised a question of this petition's timeliness. While the sequence of events raises a question of whether this petition was timely, the Court finds that it is.

## II.  Legal Standard

An allegation of ineffective assistance of counsel must normally be raised by collateral attack.  Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994).  To establish an ineffective assistance of counsel claim a defendant must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) that the defendant was prejudiced by the deficiencies in counsel's performance.  Id. at 691-92.  Judicial scrutiny of counsel's performance must be highly deferential.  Id. at 689.  The proper assessment of attorney performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id.  A court must afford a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance; a defendant must overcome the presumption that, under the particular circumstances, the challenged action might be considered sound trial strategy.  Id. (citation omitted).

## III.  Discussion

Petitioner raises six grounds for relief in his petition, which can be classified in three general groups: (1) claims of error based on the language of the superceding indictment, (2) ineffective assistance of counsel at trial and (3)

3

ineffective assistance of counsel at sentencing.

### a. Claims based on the language of the superceding indictment

Petitioner bases his first two claims on the indictment and jury instructions. First, Petitioner claims that he is "innocent of Count 4 . . . because in Count Two, he is not indicted for distribution of cocaine or possession of cocaine as set out in Count Four." Second, Petitioner claims that he is "innocent of Count four . . . because it was premised upon 'Count One and Two of the indictment' thus, once Petitioner was acquitted of Count One, Petitioner could never be convicted or sentenced on Count Four." Neither of these claims can be considered because they were procedurally defaulted.

"[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing United States v. Frady, 456 U.S. 152, 165 (1982)). "[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234 (citations omitted). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. (citations omitted). "Under the second exception, a court may allow a defendant to proceed

with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (citations and internal quotations omitted).

Neither exception has been established in this case. In his petition, Petitioner asserts that he is "innocent of Count four" because of the problems with the indictment. However, that assertion is facially insufficient to satisfy the "actual innocence" exception because "'actual innocence' means factual innocence, not mere legal innocence." Bousley v. United States, 523 U.S. 614, 623 (1998). Similarly, while Petitioner's appointed counsel attempts to rephrase his challenge as a claim of ineffective assistance of counsel on appeal, this thinly veiled attempt to reach the merits of Petitioner's claims is unavailing. "Counsel need not raise every nonfrivolous issue on appeal." United States v. Ahedo, No. 8:04-cv-180-T-23MAP, 2007 WL 2948626, *5 (M.D. Fla. October 10, 2007) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Appellate counsel provides effective assistance by focusing on claims most likely to prevail and winnowing out weaker arguments. Johnson v. Alabama, 256 F.3d 1156, 1188 (11th Cir. 2001). Here, appellate counsel focused on challenging the sufficiency of the evidence and the undersigned's decision to allow the government to reopen its case. (Crim. Doc. 84.) Appellate counsel was not ineffective for failing to raise Petitioner's arguments regarding the indictment, which were not properly preserved for appeal

(and in any event, are without merit).  Accordingly, grounds one and two are procedurally defaulted and there was no ineffectiveness of appellate counsel.

Nevertheless, for the sake of completeness the Court will briefly discuss both claims on the merits.  While both Count One and Count Two charge Petitioner with cocaine base crimes, Count Four charges him with carrying a firearm "in relation to a drug trafficking crime . . . namely distribution of cocaine or possession of cocaine with intent to distribute as charged in Count One and Two . . . ."  (Crim. Doc. 14.)  As Petitioner points out, cocaine and cocaine base are two different drugs under the law.   See 21 U.S.C. § 841.  Although the government's claim that it just "left out" the word "base" from Count Four may be true, this oversight requires the Court to take a closer look at the issue than the government suggests is necessary.

While not adequately briefed by Petitioner in his pro se filings, the government or Petitioner's appointed counsel, the Court is presented with a variance.  "Due process requires an indictment to provide notice sufficient to allow the defendant to prepare an adequate defense." United States v. Odom, 252 F.3d 1289, 1298 (11th Cir. 2001).  "A variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990).  The Eleventh Circuit considers the effect of a variance using a two part test: (1)

whether a material variance actually occurred, and (2) did the defendant suffer substantial prejudice as a result of the variance.  United States v. Prince, 883 F.2d 953, 959 (11th Cir. 1989).

Petitioner's claim is without merit because there was neither a material variance nor did Petitioner suffer prejudice from the government's error.  While it would have been better for the government to maintain consistency in its indictment, there is little question that Petitioner received sufficient notice to prepare an adequate defense.  While the word "base" was omitted from Count Four, there could be no question what the predicate offenses were as to that count because Count Four incorporated both Count One and Count Two by reference.[3] The substantive jury instruction on Count Four reflected this.  See Jury Instruction 13 (Doc. 47 at 14.)

While the Court has found no Eleventh Circuit authority on point, the Fifth Circuit has recently addressed a similar situation.  See United States v. Guidry,

---

[3] This is the key difference between this case and cases where a defendant is indicted for possessing a firearm in relation to one type of predicate drug offense, such as distribution of narcotics, but the proof at trial also allows for conviction based on another type of predicate drug offense, such as possession with intent to distribute narcotics.  See e.g. United States v. Randall, 171 F.3d 195, 205-06 (4th Cir. 1999); United States v. Reyes, 102 F.3d 1361, 1364 (5th Cir. 1996).  That type of variance amounts to a constructive amendment of the indictment.  See Randall, 171 F.3d at 210.  Here, the omission of the word "base" from the indictment did not broaden the bases of conviction because the two earlier counts, naming the correct drug, were specifically incorporated by reference into Count Four.

406 F.3d 314, 322 (5th Cir. 2005).  In that case, the indictment charged defendant with possessing one type of firearm while the proof at trial showed he possessed another type of firearm.  Id.  The Court held that there was not a fatal variance in that case because "the type of weapon possessed is not essential to a conviction under § 922(g)(1)."  Id.  Similarly, the misidentification of the drug referenced in Count Four is not fatal to a conviction under § 924(c)(1), given the explicit incorporation of the predicate counts.  Accordingly, Petitioner's first claim would not provide him relief, even if he could overcome the procedural default.

Petitioner's second claim is frivolous.  Count Four of the indictment charged Petitioner as follows:

> On or about August 30, 2002, in Duval County, Florida, in the Middle District of Florida, ALGIE MOORE, defendant herein, did knowingly use, carry or possess a firearm, that is, a Jennings .22 caliber pistol, Serial No. 097791, during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, distribution of cocaine or possession of cocaine with intent to distribute as charged in Counts One and Two of this Indictment, which counts are incorporated by reference herein, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(Crim. Doc. 14) (emphasis added).  Petitioner contends that this indictment (and the corresponding jury instructions) required that he be found guilty of both Counts One and Two of the superceding indictment; that is simply not so.  While the superceding indictment does read "as charged in Counts One and Two of the Indictment," that phrase is not part of the offense, but rather incorporates the

substance of those offenses, referred to earlier in Count Four, by reference. The relevant phrase, read in its entirety, states that Moore was charged with carrying a firearm in relation to "distribution of cocaine" (Count One) <u>or</u> "possession of cocaine with intent to distribute" (Count Two) as charged in Counts One <u>and</u> Two of the indictment." Properly read, Count Four of the indictment requires that Petitioner be carrying a firearm in relation to the crime charged in either Count One or Count Two, not both. Accordingly, this claim is without merit.

### b. Claims based on the trial

Petitioner also makes two claims of ineffective assistance of counsel based on the trial proceedings. First, Petitioner asserts that counsel was ineffective for failing to request testimony from a member of the Court's staff regarding an alleged violation of the rule of sequestration on the part of government witnesses. Second, Petitioner asserts that counsel was ineffective for failing to challenge the chain of custody for the gun and drugs at issue in the case.

Petitioner's argument regarding the Court's staff is factually inaccurate. On the first day of trial, it came to the Court's attention from a member of the Court's staff that government witnesses waiting in the hallway were behaving in a suspicious manner. (Crim. Doc. 68 at 255.) The record shows that Petitioner's counsel requested to inquire on the record as to what the member of the Court's staff heard. (Id.) The Court declined this request, but responded to the allegation

of impropriety by inquiring of the government's witnesses on the record as to whether they were in the hallway listening to testimony. (Id. at 272.) The witnesses denied the allegation. (Id.) On the next day of trial, the Court clarified on the record the circumstances that led to the allegation and reiterated that no further action was necessary. (Doc. 70 at 6-7.) Petitioner received effective representation in regards to this allegation.

Petitioner's argument regarding the chain of custody on the gun and drugs is unclear. Petitioner asserts that he "has recently discovered that the automobile involved in this case, owned by the defendant, had previously belonged to a prior convicted felon and it could have easily demonstrated that the alleged handgun could have been hidden in the vehicle prior to the defendant purchasing the vehicle." (Doc. 3 at 15.) However, Petitioner then asserts that his counsel failed to make the government prove the gun was actually in his car. (Id.) The contradiction inherent in these two assertions shows that Petitioner's argument is speculative. The record shows that the government established a proper chain of custody for the firearm and drug evidence introduced at trial. See Crim. Doc. 68 at 176-180 (introducing the drugs); Crim. Doc. 70 at 111-117 (introducing the gun). Moreover, a "[c]hallenge to the chain of custody goes to the weight rather than the admissibility of the evidence." United States v. Lopez, 758 F.2d 1517, 1521 (11th Cir. 1985). Petitioner is not entitled to relief on this claim.

### c. Claims based on the sentencing

Petitioner asserts two claims based on the sentence he received. First, he argues that counsel was ineffective for failing to challenge the sentencing guidelines as unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). Second, he argues that counsel was ineffective for failing to attack the constitutionality of his prior state conviction for possession of cocaine, which was used to enhance his sentence.

Both of these claims are without merit. To the extent that Petitioner asserts his counsel was ineffective for failing to lodge a Sixth Amendment challenge at sentencing, the law "cannot and does not include a requirement to make arguments based on predictions of how the law may develop." Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994). Petitioner's counsel was not expected to foresee the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Petitioner was sentenced one year before the Blakely decision and nineteen months before the Booker decision. While Petitioner couches this argument in light of Apprendi, the Supreme Court had not yet extended the reach of that case to the Federal Sentencing Guidelines when Petitioner was sentenced. Therefore, Petitioner's

11

counsel was not ineffective for failing to object on those grounds.[4]

Petitioner also claims that his counsel was ineffective for failing to challenge his state conviction for cocaine possession, which was used to enhance his sentence. Petitioner asserts that his state conviction is constitutionally infirm. Nevertheless, the Court need not examine counsel's performance under Strickland because Petitioner cannot show he was prejudiced by counsel's alleged error. There is no evidence that the prior conviction cited by Petitioner has been vacated or is otherwise invalid. The record shows that counsel did not overlook the importance of this matter; at sentencing, the Court specifically asked Petitioner's counsel three times whether there was any basis to contest the state conviction. (Doc. 66.) Counsel answered in the negative three times, and for good reason; collateral attacks on prior convictions are generally prohibited in federal sentencing proceedings, absent a violation of the defendant's right to counsel in the underlying state case. See United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997). There was no basis at sentencing for counsel to challenge the validity of Petitioner's state conviction for cocaine possession and Petitioner was not prejudiced by counsel's performance in this regard.

---

[4] Nor was appellate counsel ineffective for failing to anticipate the change in the law and raise the Sixth Amendment issue on appeal.

12

**IV. Conclusion**

A review of the memoranda and the trial record reveal that Petitioner has no grounds for relief from his conviction or federal sentence.  Indeed, through counsel, Petitioner received a competent defense and was even acquitted on one count of the indictment.[5]  Accordingly, it is hereby

**ORDERED:**

Algie Moore's Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 3) is **DISMISSED WITH PREJUDICE**.  The Clerk shall enter judgment in favor of the United States and against Algie Moore, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of August, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

jcd.

Copies:
counsel of record
Algie Moore

---

[5]  The Court did express concern at sentencing about the harshness of a 322 month sentence, but at the time was bound by the guidelines and the 60 month consecutive sentence on the Count Four gun charge.

13