UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Petitioner

ALGIE MOORE

V.  Case No.: 3:05-cv-499-J-32 HTS
 3:02-cr-233-J-32 MMH

UNITED STATES OF AMERICA
Defendant

___

## MOTION TO RECONSIDER
### PRO-SE

Come now the defendant ask the court to look again to the claims in the order on Petitioner 2255 motion.

At the simple possession prior conviction used to enhance the defendant sentence in regards this case under Federal law would have been a 844(a) misdemeanor

The U.S. Court of Appeals are split on whether a state felony for simple possession can be considered a felony to enhance a subsequent sentence even though the crime would be a simple misdemeanor under Federal law 844(a)

In Toledo Flores v. United State and Lopez v. Gonzales in these cases simple possession could not be used to increase there sentence because the simple possession felony in the state would be a misdormeanor under Federal law and not drug trafficking crime to enhance a sentence.

The Petitioner counsel was ineffective for failing to object and should have challenge Moore prior state possession conviction the court specifically ask counsel was there any basis to contest the state conviction Petitioner shows there was.

The Petitioner points to more evidence that was over looked by counsel that the prior conviction should have been challenge by counsel.

Salinas v. United States 126 S. Ct. 1675 2006 a controlled substance offense under U.S.S.G. 4.B1.1 is an offense that prohibits possession with intent to manufacture, import, export, distribute or dispense but does not include simple possession of a controlled substance solicitor general conceded that the fifth circuit erred by treating simple possession conviction as a qualifying prior to enhance the present sentence same way Moore was sentence at the time.

The court point out that the Petitioner was sentence before Booker and Blakeley and as well before the cases used in this motion salinas . Toledo Flores, and Lopez (BUT)

If the court finds the language of the statute is not clear they say it should resolve any ambiguity in favor of the Petitioner Moore. Using the rule of lenity.

This rule counsels that ambiguous criminal statutes be interpreted in favor of the defendant Moore. The Petitioner was sentence under 4B.1.1 as well the 851 enhancement threw and by the simple possession prior conviction that would have been a misdormeanor under federal Law is a manifest of injustice under the unconstitutional guidelines sentencing that Booker made unconstitutional and was and has been used on defendants from the time it was designated and applied to defendants as unconstitutional without being corrected as Moore has been sentence.

The Petitioner now point to the fact that the language of the 851 statute reads that the prior conviction used to enhance a defendant sentence must be a prior conviction that the defendant was indicted for. The prior possession of cocaine case 99-8945 Florida was not a case in which the defendant was indicted for. And the 851 enhancement

was applied to Moore sentence unconstitutionally because for counsel failure to challenge these prior conviction at sentencing. Petitioner 2255 motion gives this ground that his counsel was ineffective for failing to request a 851(e) hearing where this issue could have been raised by counsel at a 851 hearing

IN CONCLUSION

1. The Petitioner prays the court will look to the language of 851 and see it was a unindicted prior used to enhance his sentence.
2. The Petitioner ask the court to look at the unconstitutional sentence and the amount of time which was given through the 851 statutes for a change that would have been a misdormeanor under federal law. There is no 851 statute in state law the use is unconstitutional first drug conviction 844(a) federal law is a misdormeanor.
3. The Petitioner was sentence the same as (Salinas) the only difference in the sentencing is the time in which the sentence was given Petitioner 2003 Salinas 2005 there both unconstitutional
4. The question the Petitioner ask the court when does the constitutional violation stop with out being corrected by the court.
5. Salinas and Petitioner Moore unconstitutional violation are the same for simple possession conviction.
6. Salinas was corrected does Moore constitutional rights not get corrected because of time bar or laws statutes nothing is aloud to violate a defendant constitutional rights. Counsel should have objected to this but failed too.
7. The A.C.C.A provides for a 15 year mandatory minimum sentence 18 U.S.C. §924(e)(2)(b)(ii) A serious drug offence includes a state

offence involving manufacturing distribution or possessing with intent to distribute a controlled substance for which a maximum term of inprisonment of ten years or more is <u>prescribed</u> by law the A.C.C.A. does not included simple possession and Moore was not prescribed but 10 month sentence.

8. The Petitioner Algie Moore was only sentence to 10 months on his prior cocaine possession and should never been given The A.C.C.A. armed career criminal for possession alone (see: PSI)

9. The Petitioner Moore simple (possession is not a serious drug offence for the state drug conviction to count as a predicate offence the conviction must involve a specified and sizeable quantity of drugs 18 U.S.C. 3559 (c) 2 (h) the term serious drug offence includes among other offences an offence understate law that had the offence been prosecuted in a court of the United States would have been punishable under 21 U.S.C. 841(b)(1)(a)(ii)(iii) there for the counsel fail to have the information hearing on the specify and sizeable quantity of drugs in Moore prior conviction.

10. Therefore we look to the quanity of cocaine and cocaine base involved in Moore state drug conviction to determine if it was a serious drug offence it was not.

11. This means Moore prior drug conviction would of have involved 5 Kilograms or more of cocaine or 50 gram or more cocaine base the quantity in Moore prior conviction was so small that when it was used to be tested there was nothing left to weigh.

12. This is far less than the 50 grams it takes to trigger the 21 U.S.C. 851 enhancement that Moore counsel failed to object to at sentencing and Moore has suffered a grave unconstitutional sentence

for his counsel error and ineffectiveness.

13. The Petitioner ask this Honorable Court to remand and correct his sentence or a evidence hearing and look at the prior conviction used to enhance his sentence and the quantity far less than the 50 grams or the 10 years it takes to trigger the 21 U.S.C. 851 enhancement statue

I remain _Algie Moore_ 4-13-09

CERTIFICATE OF SERVICE

I hereby certify that I have mailed by U.S. mail a copy to all

addresses named below:

Clerk of Court and United State District Judge Timothy J. Corrigan
300 North Hogan Street Suite 9-150
Jacksonville, Florida 32202

United State Attorney Office: Sander W. Deisler
501 W. Church Street Ste. 300
Orlando, Florida 32805

Paul D. Clement
Solicitor General of the United States
Department of Justice
950 Pennsylvania Ave N.W. Rm.5614
Washington, D.C. 20530-001

From: ALGIE MOORE 30003-018
      Federal Correctional Complex USP2
      P.O. Box 1034
      Coleman, Florida 33521

/s/ *Algie Moore* 4-13-09