**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALGIE MOORE,

    Petitioner,

vs.                                            Case No. 3:05-cv-499-J-32HTS
                                                Case No. 3:02-cr-233-J-32MMH

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER[1]

**THIS CAUSE** is before the Court on Petitioner Algie Moore's pro se Motion to Reconsider. See Doc. 36. Mr. Moore contends that his sentence was improperly enhanced by a prior state felony conviction that would have been considered a misdemeanor under federal law. Id. at 1. He also asserts that 21 U.S.C. § 851 requires an indictment leading to the prior conviction for it to be used for sentence enhancement. Id. at 2. Mr. Moore now seeks a downward adjustment to his sentence. Id. at 5. Upon review, the Court finds that Mr. Moore's sentence was properly calculated. Sentence enhancement under 21 U.S.C. § 841(b)(1) turns on the length of potential imprisonment, not the classification of the offense. See Burgess v. United States, 553 U.S. 124, 128 S. Ct. 1572, 1577 (2008) (noting that sentence enhancement under § 841(b)(1) for a "felony drug offense" depends on whether the authorized length of imprisonment exceeds one year

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

under federal or state law); see also 21 U.S.C. § 802(44) (2006) (defining "felony drug offense"); Fla. Stat. § 775.082(3)(d) (2009) (authorizing up to five years imprisonment for a third degree felony). Additionally, the indictment requirement under § 851(a)(2) applies to the current offense, not the prior conviction. See United States v. Harden, 37 F.3d 595, 601 (11th Cir. 1994).

Accordingly, it is hereby

**ORDERED:**

Petitioner Algie Moore's Motion to Reconsider (Doc. 36) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of December, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

dc

Copies:

pro se party

counsel of record